The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

William Ray RICE, Defendant-Appellant.

No. 83CA1016.

Colorado Court of Appeals, Div. II.

July 3, 1985.

Rehearing Denied Aug. 8, 1985.

Certiorari Denied Nov. 18, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Terri L. Brake, Deputy State Public Defender, Abraham V. Hutt, Special Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, William Ray Rice, appeals his conviction of sexual assault on a child, contending that his constitutional rights were violated by the trial court's refusal to allow him to cross-examine the complaining witness concerning whether she had prior sexual experience. We affirm.

Defendant was charged with incest with his 15-year-old daughter and sexual assault on his daughter's friend who was 12 years old. During direct examination of the 12-year-old, the prosecutor, after the victim's lengthy and graphic testimony concerning two incidents, asked, " 'Did you think there was anything wrong with what he was doing?' " The witness replied: "I don't know." There was no objection to that question.

Later, defense counsel, during a hearing in chambers, offered to call a witness to testify that she was aware of a confrontation within the victim's family which dealt with the victim's possibly being pregnant. Defense counsel indicated that the evidence was offered to show that the victim was sexually knowledgeable enough to be able to describe sexual acts, and was not the sexually innocent 12-year-old that the prosecutor was portraying to the jury. The trial court denied this request.

During closing argument, the prosecution argued that the victim did not fabricate the incidents, but that, "Even now, she doesn't really understand it, but she remembers what happened." Defense counsel did not object to this characterization.

Defendant asserts that his constitutional right to confrontation was violated because he was unable to cross-examine the victim concerning any prior sexual experience she might have had, thus refuting the prosecution's implication that she was young and sexually unsophisticated. Defendant argues that, since his theory of defense was a general denial to both charges, the credibility of the victims was a paramount issue in this case. Moreover, he continues, because the trial court did not allow this evidence to be elicited, the credibility of the victim was never able to be tested pursuant to the principles set out in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and *People v. Bowman*, 669 P.2d 1369 (Colo.1983). We disagree.

In refusing to allow the inquiry, the trial court ruled that it was a collateral issue. We agree with the trial court.

Section 18–3–407, C.R.S. (1978 Repl.Vol. 8) sets out a presumption that evidence of specific instances of a victim's prior or subsequent sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct is irrelevant. As we said in *People v. Johnson*, 671 P.2d 1017 (Colo.App.1983), the basic purpose of this statute is to "protect rape and sexual assault victims from humiliating public fishing expeditions into their past sexual conduct without a showing that such evidence would be relevant to some issue in the pending case." *See also People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978). In our view, the testimony sought to be elicited by defendant falls squarely within the prohibition of the stat-

ute, and thus, the trial court ruled correctly.

 As to the prosecution's mention of the victim's lack of sexual sophistication in closing argument, we note again that defense counsel did not object. Therefore, since the closing argument did not affect a substantial right of defendant, we do not perceive it to be plain error. *See People v. Constant,* 645 P.2d 843 (Colo.1982).

The judgment is affirmed.

SMITH and KELLY, JJ., concur.